**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) <br> ) <br> Plaintiff,     ) <br> ) <br> vs.          ) <br> ) <br> ONE HUNDRED FIFTY-THREE THOUSAND  ) <br> NINE HUNDRED TWENTY AND 00/100       ) <br> ($153,920.00) IN U.S. CURRENCY,        ) <br> ) <br> Defendant.    ) | Case No. 08-2245 |

# REPORT AND RECOMMENDATION

In October 2008, the United States of America (hereinafter Government) filed a Forfeiture Complaint in Rem (#1) against Defendant One Hundred Fifty-Three Thousand Nine Hundred Twenty and 00/100 ($153,920.00) in U.S. Currency. The Government alleges it brought the action pursuant to 21 U.S.C. § 881(a)(6) because the money was furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 801, *et seq.*, or constitutes proceeds traceable to such an exchange and is thus subject to forfeiture to the United States of America under 21 U.S.C. § 881(a)(6). This Court has jurisdiction because the action constitutes a forfeiture proceeding commenced by the United States. 28 U.S.C. §§ 1355 and 1345.

In April 2009, Irvin Dana Beal (hereinafter "Movant") filed a Motion To Dismiss (#15), seeking to dismiss the forfeiture complaint and asking for immediate return of the seized currency. In May 2009, the Government filed a Response to the Motion To Dismiss, which the Court deems to be a motion to strike (#17). In May 2009, Movant filed a Response to Government's Motion (#18). After reviewing memoranda from the Government and Movant, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that the Government's motion to strike **(#17)** be **GRANTED**.

## I.  Background
### A.  Factual Background

In June 2008, police officers responded to a domestic dispute report at Steak N' Shake Restaurant in Mattoon, Illinois.  A young woman, later identified as Carlotta Lutsche, was yelling at an elderly woman, later identified as Katharina Lutsche.  The officers discovered that the two women engaged in the dispute were traveling in a van with Movant and another man, Jesse Jay Balcom.

While the officers attempted to question Balcom, Movant continually interrupted the interview until the officers arrested Movant for obstructing a police officer.  During the interview with Balcom, dispatch informed the officers that a witness had seen Movant place two duffel bags underneath a van parked in a hotel parking lot.  Police seized those bags which contained $153,920.00.  The officers then asked Balcom if they could search the van, and Balcom agreed.  The officers called in a canine who positively alerted on empty, black canvas bags and currency found in the van.  At that time, the officers brought Movant, Balcom, and the women in for questioning.  Carlotta Lutsche indicated that the duffel bags had been in the van as the group traveled, but she denied knowledge of their contents.

### B.  Procedural Background

In July 2008, Movant wrote a sworn letter to the Asset Forfeiture Section of the Drug Enforcement Administration (hereinafter "DEA") contesting the forfeiture of the $153,920.00.  Movant stated that he wished to file a claim for the currency in the United States District Court in Urbana, Illinois.

Later in July 2008, Movant received a notice from the DEA stating that the claim had been accepted and the matter referred to the United States Attorney in the judicial district for the Central District of Illinois.  (#18-2, p. 6.)  The notice also stated that all inquiries regarding the matter should be directed to that office.

In October 2008, the Government filed a Forfeiture Complaint in Rem in the Central District of Illinois. Later that month, the Court granted the Government's Motion To Seal and Motion To Stay (#2). In January 2009, the Court granted the Government's Motion To Lift Stay and Unseal Case (#5). The Government then sent Movant a Notice of Civil Forfeiture Action to Claimant (#7).

In March 2009, the Court granted Movant's Motion for Additional Time To Plead (#10). In April 2009, Movant filed his motion to dismiss. Movant contends that the facts upon which the Government based its complaint are insufficient to support the forfeiture. In addition, Movant contends that the Government violated his right to due process because it failed to file the complaint within 45 days as mandated by 725 ILCS 150/6. Thus, Movant urges the Court to dismiss the complaint.

In May 2009, the Government filed what it titled a Response to Motion To Dismiss. The Court deems this document to be a motion to strike. In this motion, the Government argues that Movant has never filed a claim. Thus, the Government contends that Movant lacks standing to seek dismissal of the action under 18 U.S.C. § 983.

Movant subsequently filed his response to the Government's motion, in which he stated that the July 2009 letter to the DEA constituted his claim. Movant also noted that it was acceptable, under Rule 12 of the Federal Rules of Civil Procedure, to file a motion to dismiss before filing an answer to the complaint.

## II. Discussion

The Court must first address the threshold issue of standing raised by the Government. If a court decides that a movant does not have standing, then the court cannot proceed with

evaluating the merits of the issue raised in the movant's motion. *United States v. $38,000.00 in U.S. Currency,* 816 F.2d 1538, 1544-45 (11th Cir. 1987) (stating that statutory standing is a threshold issue and a person who fails to file a claim normally lacks standing to contest a forfeiture).

Proceedings in forfeiture cases are governed by the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Supplemental Rules"). *United States v. United States Currency in the Amount of $2,857.00,* 754 F.2d 208, 212-13 (7th Cir. 1985). In order to have standing in a forfeiture proceeding, a movant must first file a claim asserting interest in the defendant property. 18 U.S.C. § 983(a)(4)(A). Claims under this statute are subject to the Supplemental Rules, except that the claim may be filed no later than 30 days after the date of service of the Government's complaint or, if applicable, 30 days after the final publication of notice of the filing of the complaint. 18 U.S.C. § 983(a)(4)(A).

Supplemental Rule G(5) states that "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Supplemental Rule G(5)(a)(i). This rule also lists the requirements for a claim, including that the claim be served on the properly designated government attorney. Supplemental Rule G(5)(a)(i)(D). In addition, Supplemental Rule C(6) addresses requirements for a claim.

Thus, to establish standing in the present case, Movant should have filed his claim with the Central District of Illinois not later than 30 days after the date of service of the Government's complaint, excluding the period when the case was stayed. Movant did not file his claim with the Central District Court within this time frame. In fact, Movant has not yet filed a claim with the Court.

Movant argues that he has standing based upon his July 2008 letter to the DEA. Movant notes that the letter satisfies all of the requirements of Supplemental Rule C(6). However, the letter to the DEA does not fulfill the requirements of Supplemental Rule G(5), which states that a movant must file a claim "*in the court where the action is pending.*" Supplemental Rule

G(5)(a)(i) (emphasis added).  Movant did not file the letter with the Court nor did he serve the letter on the designated government attorney.  Thus, the letter Movant mailed to the DEA does not satisfy the filing requirements for a claim as defined by Supplemental Rule G(5).

Defendant also notes that the Government sent the January 2009 Notice of Civil Forfeiture Action to the incorrect attorney.  This is true.  Nevertheless, Movant did not file a claim in accordance with Supplemental Rule G(5) even after the correct attorney received the notice.  Thus, this argument does not defeat the Government's challenge to Movant's standing.

Supplemental Rule G(8) states that a claimant must establish standing to contest the forfeiture before he or she can move to dismiss the action.  However, Movant's act of informing the DEA that he wished to file a claim with this Court does not constitute proper filing of a claim within the meaning of Supplemental Rule G(5)(a)(i).  Thus, Movant has not established standing and cannot move to dismiss the action.  Although this is a harsh result, the Court recommends granting the Government's motion to strike Movant's motion to dismiss.

### III.  Summary

For the reasons stated above, the Court recommends that Government's Motion to Strike **(#17)** be **GRANTED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 2nd day of July, 2009.

                                                  s/ DAVID G. BERNTHAL
                                                  U.S. MAGISTRATE JUDGE